HARRY RUBIN and Another, Plaintiffs, *v.* WILLIS I. SHELDON, Defendant.*

Supreme Court, Chemung County, November 12, 1927.

**Trial — place of trial — motion to change place of trial — affidavit sufficient though it does not state in precise words that defendant had stated to his counsel facts he expects to prove by each witness — motion granted.**

On this application to change the place of trial from Chemung county to Rensselaer county, defendant's affidavit giving the names and residences of ten persons within a radius of six miles of Rensselaer county, whom he alleges to be necessary and material witnesses on the trial of the action, is sufficient although it does not state in the precise words that defendant has stated to his counsel the facts which he expects to prove by each witness. The affidavit as a whole, which sets forth with detail the facts which he proposes to prove by each witness, and states that he has talked with all of them, warrants the inference that he

---

* See, also, 130 Misc. 588.

did state to his counsel such facts. Furthermore, the contract was made in the city of Troy and all the alleged acts in violation thereof were committed there.

Motion by defendant to change place of trial from Chemung county to Rensselaer county.

*Mortimer L. Sullivan* [*Levi Ginsberg* of counsel], for the plaintiffs.

*Thomas F. Galvin,* for the defendant.

Senn, J. This is an action for breach of contract on the sale of the physical property and good will of a mercantile business in the city of Troy, it being alleged that defendant, contrary to the agreement, engaged in a similar business in the same city.

Plaintiffs reside in the city of Elmira and the defendant resides in the city of Troy. In his moving affidavits defendant gives the names and residences of ten persons, six of them living in Troy, one in Watervliet and three in the city of Albany, all within a radius of six miles of Rensselaer county, who are alleged to be necessary and material witnesses for the defendant on the trial of the action.

Plaintiffs' attorney insists that the moving affidavits are insufficient and that the motion to change the place of trial should be denied, the specific criticism being that it is not set forth that the defendant has stated to his attorney the facts which he expects to prove by the witnesses, within the rule laid down by the authorities, especially *Kramer* v. *Harder Mfg. Corp.* (218 App. Div. 745), and cases there cited. *Ottley* v. *Jackson Memorial A. M. E. Zion Church* (157 id. 222) is also cited.

In *Kramer* v. *Harder Mfg. Corp. (supra)* the affidavit also failed to state that plaintiff's counsel had advised him that the witnesses were necessary and material and that without them he could not safely proceed to trial. The same was true in *Ottley* v. *Jackson Memorial A. M. E. Zion Church (supra)*.

The affidavit in this case states that they " are all necessary and material witnesses for the defendant on the trial of this action and without the testimony of each and all of said witnesses this defendant cannot safely proceed to trial, as he is advised by his counsel and verily believes * * *. Deponent further says that he has fully and fairly stated the case to Thomas F. Galvin, his counsel, and defendant has a good and sufficient defense upon the merits to said action * * * as he is advised by his counsel and verily believes."

It is true that he does not allege in precise words that he has stated to his counsel the facts which he expects to prove by each such witness, but taking his whole affidavit together it is

clearly inferable that he has done so and no other inference can be drawn therefrom. He sets forth with circumstance and detail the facts which it is proposed to prove by each such witness and states that he has talked with all of said witnesses and each and every one of them has stated that they would testify at the trial as set forth in the affidavit and that defendant knows they will so testify. It is difficult to see how the materiality of the witnesses could be made to appear with much greater certainty, and the fact that his counsel was able to prepare an affidavit setting forth the facts which it is proposed to prove by each witness is pretty conclusive proof that the defendant has stated these facts to him.

The rules governing such affidavits have been made by the courts from time to time. Their purpose is not altogether to require an undeviating and meticulous adherence to a given formula or arbitrary set of words, but rather that the allegations shall be such that the court may be able to determine from them whether the witnesses named are really and in good faith intended to be used and whether and to what extent they are material.

In this case the contract was made in the city of Troy and all the alleged acts in violation of the contract were committed there. The proposed testimony of the witness Quackenbush might be conceded, but all the others are upon facts absolutely in dispute.

The motion must, therefore, be granted.